# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
D. BRYCE FINLEY, BAR NO. 9310.

No. 77996

FILED

MAY 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney D. Bryce Finley. Under the agreement, Finley admitted to breaching a Diversion and Mentoring Agreement and agreed to a stayed 24-month suspension.

SCR 105.5(6)(b) provides that "[i]f a hearing panel finds a breach [of a Diversion and Mentoring Agreement] to be material and without justification, the panel shall terminate the contract or agreement and reactivate any underlying grievance(s) to be processed through any course deemed appropriate under Rule 105." Further, "[i]f the contract or agreement was effectuated as an alternative to disciplinary sanctions, the panel shall terminate the contract or agreement and impose the applicable alternative sanctions." SCR 105.5(6)(b).

Because the disciplinary complaint, the conditional guilty plea agreement, and the panel's order included in the record before this court do not specify what misconduct led to the Diversion and Mentoring Agreement, for which Finley is now being disciplined, the record before this court is

19-21198

inadequate for us to determine whether the agreed-upon discipline is appropriate. Additionally, it is unclear from the record whether the Diversion and Mentoring Agreement was "effectuated as an alternative to disciplinary sanctions," such that the misconduct underlying the agreement does not now need to be proved by the State Bar by clear and convincing evidence. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995) (providing that the State Bar has the burden of showing by clear and convincing evidence that the attorney committed the violations charged). Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further proceedings consisten with SCR 105.5.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
David B. Finley
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada